UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAEEMAH L. HASSAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br><br>　　　　Defendant. | Case No. 12-cv-05821-RS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF REMAND AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Plaintiff Naeemah L. Hassan seeks judicial review of the decision by defendant Commissioner of Social Security ("the Commissioner") that she is ineligible for disability benefits under the Social Security Act (SSA). Hassan seeks reversal of the Administrative Law Judge's (ALJ) ruling, and a finding she is entitled to supplemental security income (SSI), or, in the alternative, remand for further administrative proceedings. Upon consideration of the parties' cross-motions for summary judgment, the matter will be remanded to the Commissioner for further evaluation.

## II. BACKGROUND

After Hassan's application for SSA Title II and Title XVI Disability was denied at the initial and reconsideration levels, she requested a hearing before an ALJ. The decision by the ALJ

was unfavorable. Administrative Record (A.R.) 32. Although the ALJ found that Hassan had several severe impairments, he determined that Hassan had the residual functioning capacity (RFC) to perform some of the light work defined in 20 CFR 404.1567(b) and 416.967(b), rendering her capable to be employed. A.R. 36. Specifically, the ALJ found that Hassan could lift or carry ten pounds frequently, twenty pounds occasionally; could sit, stand or walk for six hours of an eight-hour workday; could climb, balance, stoop, kneel, crouch, and crawl occasionally; could reach overhead bilaterally occasionally; is limited to simple repetitive one-to-two step tasks; and is limited to specific vocational preparation, as defined in Appendix C of the Dictionary of Occupational Titles, of three or less. *Id.* The ALJ based this determination on Hassan's testimony of her daily activities, third party statements from Hassan's mother, and all the medical records. The ALJ gave little weight to Hassan's major depression disorder. A.R. 41. The Appeals Council denied Hassan's request for review, rendering the ALJ's decision final. This action followed.

### III. STANDARD OF REVIEW

When reviewing the Commissioner's denial of disability insurance benefits, a court may only evaluate whether the ALJ's findings are supported by substantial evidence in the record and are free of legal error. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as "more than a mere scintilla but less than a preponderance[,]" and the court may not substitute its judgment for that of the ALJ if the evidence can support either outcome. *Tackett,* 180 F.3d at 1098 (quoting *Matney v. Sullivan,* 981 F.2d 1016, 1018 (9th Cir. 1992)). Legal error exists when an administrative court breaches its "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered," resulting in non-harmless error to the applicant. *Biley v. Comm'r of Soc. Sec.,* WL 4808439, *4 (N.D. Cal. 2012). That special duty is only triggered "when the record is inadequate to allow for proper evaluation of the evidence." *Id.* (quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

If the ALJ's decision is not based on substantial evidence or contains legal error, the court may remand for further evidence or enter a judgment affirming, modifying, or reversing the Commissioner's decision based on the pleadings and transcript of the record. 42 U.S.C. § 405(g);

*see also Biley,* WL 4808439 at *4. A social security case should be remanded if additional proceedings can remedy defects in the original administrative proceedings, while reversal is appropriate if rehearing simply would delay receipt of benefits. *Lewin v. Schweiker,* 654 F.2d 631, 635 (9th Cir. 1981).

## IV. DISCUSSION

To qualify for disability insurance benefits under the SSA, a claimant must establish he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" that has lasted for at least 12 continuous months, beginning while she was insured for disability benefits. *Thomas v. Barnhart,* 278 F.3d 947, 954-55 (9th Cir. 2002) (citing 42 U.S.C. §§ 423(a)(1)(A)-(d) (1)(A)). Under the five-step process used to determine eligibility, the ALJ considers: 1) whether the claimant is ineligible for being engaged in "substantial gainful activity"; 2) whether the claimant is ineligible for not having a medically "severe impairment" or combination thereof; 3) whether the claimant's severe impairment meets or equals a listed impairment that is conclusively presumed to be disabling; 4) whether the impairment prevents the claimant from performing her previous work; and 5) whether she is able to perform other work in the national economy, considering her age, education, and work experience. *Bowen v. Yuckert,* 482 U.S. 137, 141-42 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920 (1986)). If the claimant's severe impairment does not meet or equal a listed impairment under step three, the ALJ must determine the claimant's residual functional capacity (RFC) and apply it during steps four and five to make a final disability determination. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1034 (9th Cir. 2007) (citing 20 C.F.R. § 404.1520(4), which describes the five-step process).

The ALJ found Hassan not disqualified under steps one and two. A.R. 34-35. At step three, the ALJ determined Hassan did not have an impairment or combination of impairments that matched or was equivalent to a listed impairment, and found Hassan had the RFC to perform simple, routine, and unskilled light work. A.R. 35-36. On appeal, the question is whether the ALJ's RFC determination was based on substantial evidence and free of legal error, such that the

step-five finding and denial of benefits were proper.

Hassan's lead argument is that the ALJ erred in not considering the effects of Hassan's carpal tunnel syndrome (CTS) in his RFC, and that as a result the hypothetical questions he posed to the vocational expert during the hearing were incomplete. As Hassan points out, her CTS is well-documented in the record, including in various notes cited by the ALJ. Multiple physicians have diagnosed her with CTS. A.R. 587, 994. She has been encouraged to wear wrist splints as a short term approach, A.R. 910, and has discussed surgery with a physician as a possible treatment. A.R. 994.

In light of the evidence, the ALJ specifically found that Hassan's medically determinable severe impairments included CTS. Nevertheless, the ALJ made no mention of CTS-related effects in his RFC determination. The Commissioner argues this was not error because Hassan's CTS is relevant only insofar as it causes functional limitations. *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (the claimant's RFC is what the claimant can do despite impairments and limitations). The Commissioner points out that merely finding an impairment to be severe does not automatically require specific accompanying limitations in the RFC finding. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228-29 (9th Cir. 2009) (stating plaintiff "offers no authority to support the proposition that a severe mental impairment must correspond to limitations on a claimant's ability to perform basic work activities.").

In assessing a claimant's RFC, the adjudicator must consider limitations and restrictions imposed by "all of an individual's impairments, even those that are not severe.'' S.S.R. 96–8p (1996). Even a non-severe impairment that does not by itself significantly limit an individual's ability to do basic work activities may be critical to the outcome of a claim when considered with limitations arising from other impairments. *Id.*; s*ee Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (ALJ erred in not including tendonitis limitation in assessment of claimant's RFC). Thus, while the Commissioner may be correct that a finding of a severe impairment does not presumptively lead to any particular work limitation, neither can it simply be ignored without explanation.

There is no dispute that CTS generally affects the arms, wrists, hands and/or fingers, and

4

potentially impairs a person's ability to engage in handling, fingering, gripping.  While the Commissioner insists that Hassan has failed to show how her CTS would result in functional limitations not reflected by the RFC, the restrictions on lifting and overhead reaching to which the Commissioner points do not appear to capture the likely consequences of a severe impairment from CTS.

Indeed, the testimony of the vocational expert highlights the potentially critical need to account appropriately for Hassan's CTS.  The hypothetical posed to the expert by the ALJ envisioned a claimant with the ability to perform work at a light level, engage in occasional bilateral overhead reaching, and perform detailed but uncomplicated job instructions.  In response to the ALJ's hypothetical, the vocational expert identified four jobs—credit card clerk, appointment clerk, assembler, office clerk—that a person with Hassan's limitations could perform.

Hassan argues that the ALJ erred because the hypothetical he posed to the vocational expert did not include any mention of handling, fingering, feeling, or any other significant work-related functions potentially affected by CTS.  A.R. 103, 104.  On cross-examination by Hassan's attorney, the expert addressed such limitations and acknowledged that the jobs he had identified would entail "frequent . . . reaching handling and fingering," with the credit card job entailing "constant" reaching, handling, and fingering.  The expert opined that an individual who could only perform occasional reaching, handling, and fingering would be "not employable" for the kinds of jobs he had been discussing.

"The ALJ may meet his burden at step five by asking a vocational expert a hypothetical question based on medical assumptions supported by substantial evidence in the record reflecting all the claimant's limitations, both physical and mental, supported by the record." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).  "If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that claimant can perform jobs in the national economy." *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993).  If neither the hypothetical nor the answer "properly set forth all of [claimant's] impairments, the vocational expert's testimony cannot constitute substantial evidence to support the ALJ's findings." *Hill v. Astrue,* 698 F.3d 1153, 1162

5

(9th Cir. 2012). While the ALJ's hypotheticals here were consistent with the RFC, they did not incorporate potential limitations arising from CTS.

The ALJ's failure to address the effects of Hassan's undisputed CTS in the RFC, or to explain why it gave rise to no additional limitations cannot be deemed harmless error, in light of the evidence that it might be a determining factor in Hassan's employability.[1] Where an ALJ's decision is not based on substantial evidence or contains legal error, the reviewing court may remand for further evidence, or enter a judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded." *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (internal citation and quotation marks omitted). In this instance, it is appropriate for the agency to determine in the first instance what limitations must be incorporated in the RFC as a result of Hassan's CTS, and what result that has on her employability.

## V. CONCLUSION

This matter is remanded to the ALJ for further proceedings consistent with the terms of this order.

**IT IS SO ORDERED**.

Dated: May 15, 2015

RICHARD SEEBORG
United States District Judge

---

[1] In light of this conclusion, Hassan's secondary arguments regarding other alleged errors need not be reached.